IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Floyd Edward Williams, #20050057,<br><br>Petitioner,<br><br>v.<br><br>Warden Mosley,<br><br>Respondent. | C/A No. 1:18-cv-00502-JFA<br><br>**ORDER** |

## I.    INTRODUCTION

Petitioner Floyd Edward Williams, #20050057 ("Petitioner"), a state prisoner proceeding *pro se*, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition"). (ECF No. 1). Petitioner is a federal inmate incarcerated at the Federal Correctional Institution Edgefield, in the custody of the Federal Bureau of Prisons ("BOP"). (ECF No. 23 at 1). After reviewing the pleadings, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and recommends that Respondent Warden Mosley's ("Respondent") Motion to Dismiss (which the Court construes as a Motion for Summary Judgment) (ECF No. 16) be granted and that the Petition (ECF No. 1) be denied. (ECF No. 23). The Report sets forth, in detail, the relevant facts and standards of law on this matter. (ECF No. 23 at 1-4).

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The Report was filed by the Magistrate Judge on August 30, 2018 and Petitioner was advised of his right to file objections to that Report. (ECF No. 23 at 8). The Magistrate Judge required Petitioner to file objections to the Report by September 13, 2018. (ECF No. 23 at 8). Petitioner filed his objections on September 19, 2018, and the Court accepted his technically late filing pursuant to the prisoner mailbox rule.[2]

## II. FACTUAL AND PROCEDURAL BACKGROUND

On June 30, 1999, the United States District Court for the Middle District of North Carolina sentenced Petitioner to 140 months of incarceration and five years of supervised release for conspiracy to possess with intent to distribute cocaine base. (ECF No. 16-5). On August 1, 2008, Petitioner was released from incarceration and began the supervised release portion of his sentence. (ECF No. 16 at 5). On February 16, 2012, Petitioner was sentenced to 90 months for distribution of cocaine base. (ECF No. 16-1). On March 12, 2012, Petitioner's supervised release was revoked, and he was sentenced to 40 months of incarceration. (ECF No. 16-2).

Congress granted the Director of the BOP discretion to grant early release to inmates convicted of nonviolent offenses who successfully complete a residential drug treatment program. *See* 18 U.S.C. § 3621(e)(2)(B). On March 16, 2009, the BOP promulgated Program Statement 5331.02, Early Release Procedures Under 18 U.S.C. § 3621(e). (ECF No. 16-4). Under this program statement, an inmate is not eligible for early release if he has a prior listed felony or misdemeanor conviction within ten years from the date of sentencing for his current confinement. (ECF No. 16-4).

---

[2] *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (discussing the prisoner mailbox rule, whereby the date of filing is the date on which a prisoner plaintiff places a document to be filed on the docket into the prison mail system).

On October 18, 2016, a request for offense review was conducted and the BOP determined that, due to a 1995 North Carolina conviction, Petitioner was not eligible for early release upon completion of the residential drug abuse program. (ECF No. 16-3 at 3, 7). On December 1, 2016, Petitioner requested a re-review of his early release status and the BOP's Designations and Sentence Computation Center determined the original review conducted on October 18, 2016, was correct. (ECF No. 16-3 at 3).

Petitioner filed this Petition alleging the BOP misinterpreted its policies and regulations, preventing him from attaining the benefit of completing the BOP's drug treatment program. (ECF No. 1 at 6). Petitioner asks the Court to order the BOP to grant his request to receive a reduction in his sentence. (ECF No. 1 at 7).

### III. LEGAL STANDARD

**A. Standard for Review of Magistrate Judge's Report.**

A district court is required to conduct a *de novo* review only of the specific portions of the Magistrate Judge's Report to which objections are made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *see also Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, the Court is not required to give an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made specific written objections. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).

A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Where an objection is "nonspecific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate[s] . . . claims," the Court need not conduct any further review of that objection. *Field v. McMaster*, 663 F. Supp. 2d 449, 452 (D.S.C. 2009); *see also McNeil v. SC Dept. of Corrections*, No. 5:12-2880-MGL, 2013 WL 1102881, at *1 (D.S.C. Mar. 15, 2013) (finding the petitioner's objections to be without merit where the objections were "non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, and consist[ed] of a reassertion of the arguments" made in the petition); *Arbogast v. Spartanburg Cty.*, No. 07:11-cv-00198-GRA, 2011 WL 5827635, at *2 (D.S.C. Nov. 17, 2011) (finding that the plaintiff's objections were not specific where the objections were "general and conclusory in that they merely reassert[ed] that his conviction was wrongful.").

### B. Standard for Summary Judgment.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

At the summary judgment stage, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. The moving party has the burden of proving that summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56.

### IV. DISCUSSION

The only issue under review here is whether Petitioner's sentence should be reduced due to his alleged eligibility for early release. Petitioner argues the BOP erroneously determined he was ineligible for early release due to a prior 1995 North Carolina conviction. (ECF No. 1-1). Petitioner contends his 2012 sentence for violation of his term of supervised release is not a

continuation of his 1999 conviction and, therefore, his 1995 North Carolina conviction is outside Program Statement 5331.02's ten-year limitation period. (ECF No. 1-1 at 4–5).

Respondent seeks dismissal of the Petition, arguing the BOP properly applied its policy in determining Petitioner was not eligible for early release. (ECF No. 16). Respondent cites to *United States v. Woodrup*, 86 F.3d 359, 361 (4th Cir. 1996) and *Johnson v. United States*, 529 U.S. 694, 701 (2000) to argue Petitioner's 2012 sentence imposed for violating his term of supervised release is a part of, and directly linked to, his original 1999 sentence as a matter of law. (ECF No. 16 at 6–7). Respondent contends Petitioner was ineligible for early release in 1999 due to his 1995 North Carolina conviction and, because Petitioner's current supervised release violation sentence is a part of his 1999 sentence, he remains ineligible for early release. (ECF No. 16 at 7).

In response, Petitioner argues his 2012 term of imprisonment for violating his supervised release does not relate back to his 1999 sentence. (ECF No. 22 at 3). Petitioner alleges that under BOP policy his 2012 term of imprisonment for violation of supervised release should be treated as a new sentence. (ECF No. 22 at 2).

The Magistrate Judge recommends this Court grant Respondent's Motion for Summary Judgment. (ECF No. 23). Petitioner objects, reiterating his early argument that under BOP rules, his most recent imprisonment for violating the terms of his supervised release should be treated as a new sentence. (ECF No. 30 at 2). He also appeals to the purpose of the rules by arguing the "obvious goal behind this amendment is to give defendants who are 10 years or more removed from convictions and sentencing for certain crimes the benefit of a second chance in life, in the BOP, and under the law and policy." (ECF No. 30 at 2). Although Petitioner's objection does appear to reassert the argument made in his petition, it also includes additional argument as to the

purpose of the rule. Thus, the Court considers the objections to be specific and addresses them accordingly.

"The sentence imposed upon revocation of a term of supervised release is an authorized part of the original sentence, as the term of supervised release is an authorized part of the original sentence for commission of the felony or misdemeanor." *United States v. Woodrup*, 86 F.3d 359, 361 (4th Cir.); *United States v. Paskow*, 11 F.3d 873, 883 (9th Cir. 1993) ("[A] term of supervised release . . . is simply part of the whole matrix of punishment which arises out of a defendant's original crimes."); *see also* 18 U.S.C. § 3583(a). When a defendant is returned to prison after a violation of the term of supervised release, it is the original sentence that is executed. *Woodrup*, 86 F.3d at 362; *United States v. Evans*, 159 F.3d 908, 913 (4th Cir. 1998) (explaining a defendant's incarceration after revocation of supervised release is custody "by virtue of" the underlying original offense and sentence).

Here, Petitioner's assertion that BOP rules consider a term of imprisonment for violation of supervised release as a new sentence is unavailing. The clear case law on this issue maintains that supervised release is considered a continuation of the sentence of the underlying offense. Consequently, reincarceration for a 2012 violation of supervised release that relates to a 1999 sentence does not amount to a new sentence but is rather a continuation of the 1999 sentence, which occurred less than ten years after Petitioner's 1995 sentence. Due to the clear case law on this issue, the BOP rules cannot be construed otherwise.

Moreover, while the early release program does reward people who do not reoffend within ten years of an earlier conviction, Petitioner's conduct does not conform to the standard set in the rule that created the program. Indeed, he reoffended less than ten years after his 1995 sentence.

The fact that he violated his supervised release that relates back to his 1999 sentence does not help his case.

This Court finds Petitioner's 2012 incarceration for violation of the terms of his supervised release is not a new sentence but rather is the execution of his 1999 sentence for conspiracy to possess with intent to distribute cocaine base. Moreover, this Court finds the BOP's conclusion that Petitioner's 1995 North Carolina conviction makes him ineligible for early release under Program Statement 5331.02's ten-year limitation period is a reasonable and correct interpretation of circuit case law and BOP regulations.

V.  CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 23). Therefore, Respondent's Motion for Summary Judgment (ECF No. 16) is granted and the Petition (ECF No. 1) is dismissed with prejudice.

IT IS SO ORDERED.

March 20, 2019  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge